S.D.N.Y.-N.Y.C.
11-mc-443
Pauley, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of January, two thousand fourteen.

Present:

    Dennis Jacobs,
    Susan L. Carney,
    Christopher F. Droney,
        *Circuit Judges*.

Cortez Byrd, *et al.*,

    *Plaintiffs-Appellees*,
    v.                                                              13-669

The Republic of Honduras,

    *Interested Party-Appellant*,

Corporacion Forestal y Industrial de Olancho, S.A., *et al.*,

    *Defendants*.

Cortez Byrd, *et al.*,

    *Plaintiffs-Appellants*,
    v.                                                               13-3794

The Republic of Honduras,

    *Appellee*,

Deutsche Bank Securities Inc., *et al.*,

*Respondents-Appellees*,

Corporacion Forestal y Industrial de Olancho, S.A., *et al.*,

*Defendants*.

---

The appeals docketed under 13-669 and 13-3794 are considered in tandem for purposes of this order.

Appellant in the proceeding docketed under 13-669, moves through counsel, pursuant to Federal Rule of Appellate Procedure 12.1, for remand of this case to allow decision of its motion under pursuant to Federal Rule of Civil Procedure 60(b). Because the district court has indicated that it will grant the Rule 60(b) motion and vacate a prior order, it is hereby ORDERED that the motion is GRANTED, the appeal docketed under 13-669 is DISMISSED, and the case is REMANDED for further proceedings.

Appellee in the proceeding docketed under 13-3794, moves through counsel to dismiss the appeal for lack of appellate jurisdiction. Upon due consideration, it is hereby ORDERED that the motion is GRANTED to the following limited extent. Since the issues in the appeal are closely related to those raised in the Rule 60(b) motion presently before the district court, the appeal docketed under 13-3794 is DISMISSED without prejudice to reinstatement after the district court rules on Appellee's Rule 60(b) motion. All aspects of this case are remanded to allow the district court to determine the effect of its Rule 60(b) decision on all related rulings and motions. *See United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994). We need not rule on the issue of appellate jurisdiction at this time.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



SAO-MCB